IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID CANALES | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1084 |
| GREGG ABBOTT | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff David Canales, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is Texas Governor Gregg Abbott.

## I. Background

Canales complains that he is incarcerated by the State of Texas and forced to work without any real means of payment. He also contends that he is at 100 percent on his time credit computation sheet, which he claims means he is supposed to be released. He asks for immediate release or that he be paid wages for work performed during incarceration.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending the lawsuit be dismissed as frivolous and for failure to state a claim upon which relief may be granted. The Magistrate Judge stated that according to Fifth Circuit precedent, requiring prisoners to work without compensation does not violate the Constitution or amount to slavery or involuntary servitude. *Wendt v. Lynaugh*, 841 F.2d 619, 621 (5th Cir. 1988); *Ali v. Johnson*, 259 F.3d 317, 317

(5th Cir. 2001). As a result, the Magistrate Judge determined that Canales' claim of being required to work without pay lacked an arguable basis in law and failed to state a claim upon which relief could be granted.

To the extent Canales argued that his time sheet was "over 100 percent" and he should be entitled to immediate release, the Magistrate Judge stated that this claim must be raised through a petition for the writ of habeas corpus, which is the only vehicle through which to raise a challenge to the legality of a prisoner's continued confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Magistrate Judge recommended that Canales' challenge to his continued confinement be dismissed without prejudice to his right to seek habeas corpus relief.

### III. The Plaintiff's Objections

In his objections, Canales asserts that he declined to consent to have the Magistrate Judge hear his case and that the action should be reassigned to a District Judge. The case is and has been assigned to a District Judge and referred to the Magistrate Judge for preliminary and pre-trial matters. No consent is required for such a referral. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002). This objection is without merit.

Canales next complains that the Magistrate Judge determined his claim was frivolous, meaning without basis in law or fact. He states that the claim lacks a basis in law because the instructions on the civil rights lawsuit form tell him not to cite any cases. Canales argues that his claim does not lack an arguable basis in fact because the facts show he is not being paid, he is at 100 percent on his time sheet, slavery has been abolished, and he is enduring pain and suffering because of "physical and mental damage obtained through forced labor."

Canales has not shown that his claim has an arguable basis in law or that it states a claim upon which relief may be granted, based on the facts as he sets them out. The Magistrate Judge correctly determined that Canales is not entitled to be paid wages for work done in prison and that

Canales cannot seek release from prison in a civil rights lawsuit but must proceed through habeas corpus. Canales' objections are without merit.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 6) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's claim concerning being denied wages for working is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that the Plaintiff's challenge to the lawfulness of his continued confinement is **DISMISSED WITHOUT PREJUDICE** to the Plaintiff's right to challenge this confinement through any lawful means, including but not limited to seeking habeas corpus relief in state or federal court. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **17** day of **July, 2017.**

_____
Ron Clark, United States District Judge